**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC KELLEY, : | |
| : | Civil Action No. 06-5712 (DRD) |
| Plaintiff, : | |
| : | |
| v. : | **OPINION** |
| : | |
| STAR LEDGER NEWSPAPER : | |
| COMPANY, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

    ERIC KELLEY, Plaintiff <u>pro se</u>
    #516718B
    East Jersey State Prison
    #280249-3 Wing
    Lock Bag R
    Rahway, New Jersey 07065

**DEBEVOISE**, District Judge

    Plaintiff Eric Kelley ("Kelley"), a state inmate currently incarcerated at the East Jersey State Prison in Rahway, New Jersey, seeks to bring this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff submits an application to proceed <u>in forma pauperis</u>, and it appears from the affidavit of indigency and plaintiff's prison account statement that he is qualified to proceed as an indigent in this matter. 28 U.S.C. § 1915(a).

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  For the reasons stated below, the Court finds that the Complaint should be dismissed for lack of subject matter jurisdiction.

## I.  BACKGROUND

The following factual allegations are taken from Kelley's Complaint, and are accepted as true for purposes of this review.

Kelley alleges that, in July and August 2006, he paid money for the defendant, Star Ledger Newspaper Company, and its Legal Ad Department, to publish a notice of hearing for his requested name change.  Kelley sent money orders and a copy of court papers to defendant Mildred Jones.  The defendants failed to publish notice of the name change before the hearing date on August 16, 2006.  Consequently, the court had to reschedule the hearing for name change to October 4, 2006.  Again, despite making payments of $89.50,[1] notice of the hearing was never published by defendants.

Kelley alleges that defendants discriminated against him, and neglected his right to have his notice of name change published in violation of the First Amendment.  He seeks a refund

---

[1] It appears from the allegations in the Complaint that plaintiff was not required to pay the full amount for a name change because he was granted indigent status in the name change proceeding.

of the $89.50 he paid, and punitive damages for the emotional distress and discrimination he suffered.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.

2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III. <u>SECTION 1983 ACTIONS</u>

The complaint form used by Kelley states that he is bringing this action under 42 U.S.C. § 1983, seeking redress for alleged violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV. <u>ANALYSIS</u>

The Court finds that the Complaint should be dismissed in its entirety for lack of subject matter jurisdiction. Here, the defendants, Star Ledger Newspaper Company, its Legal Ad Department, and Mildred Jones, are not state actors subject to

liability under § 1983.  Therefore, any alleged First Amendment violation asserted under § 1983 must be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

To the extent that Kelley is asserting against these non-state actors claims of negligence, breach of contract, or other claims for a refund of his money, such claims are common law tort actions.  Kelley can bring such common law claims in federal district court pursuant to 28 U.S.C. § 1332(a), if the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states.  It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, *i.e.*, each plaintiff must be a citizen of a different state from each defendant.  Owen Equipment and Erection Co. V. Kroger, 437 U.S. 365 (1978).  In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction.  Id.

Here, there is incomplete diversity of jurisdiction between the plaintiff and defendants.  Plaintiff is domiciled in New Jersey and named defendant, Star Ledger Newspaper Company does business in the State of New Jersey.  Therefore, complete diversity is lacking and the Court has no subject matter jurisdiction over any negligence, breach of contract, or other

state law claims that may be construed from the Complaint, against these defendants pursuant to 28 U.S.C. § 1332.  Further, the Court declines to exercise supplemental jurisdiction over these state law claim pursuant to 28 U.S.C. § 1367(c)(3) because there are no claims pending over which this Court has original jurisdiction.

## V.   CONCLUSION

For all of the reasons set forth above, the Complaint will be dismissed in its entirety for lack of subject matter jurisdiction.  An appropriate Order follows.

       **/s/ Dickinson R. Debevoise**
       DICKINSON R. DEBEVOISE
       United States District Judge

Dated: December 1, 2006